IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Jonathan Landes,<br><br>    Plaintiff,<br>  v.<br><br>Intel Corp.'s Long Term Disability Plan,<br><br>    Defendant. | NO. C 08-05382 JW<br><br>**ORDER AFFIRMING DENIAL OF LONG-TERM DISABILITY BENEFITS; DENYING REQUEST FOR REINSTATEMENT OF BENEFITS** |

Presently before the Court are the parties Supplement Briefs post-remand.[1] Plaintiff contends that Aetna, the third party claims administrator for Defendant Intel Corp.'s Long Term Disability Plan ("the Plan"), abused its discretion in violation of the Employee Retirement Income Security Act of 1974[2] ("ERISA"), when on remand it upheld its prior decision to deny Plaintiff disability benefits. (Id.) Based on the papers submitted to date, the Court AFFIRMS Aetna's Benefits Determination.

**A.   Background**

A detailed outline of the procedural history of the case and the relevant Plan language can be found in the Court's January 20, 2010 Order Granting in Part and Denying in Part Cross-Motions for Summary Judgment; Remanding Case for Reconsideration. (hereafter, "January 20 Order," Docket Item No. 28.)

In its January 20 Order, the Court denied Defendant's motion for summary judgment and remanded to Aetna to reconsider its denial of benefits to Plaintiff on two grounds: (1) Aetna's

---

[1] (Notice of Lodging of Benefits Determination, hereafter, "Benefits Determination," Docket Item No. 29; Plaintiff's Reply to Defendant's Benefit Determination, hereafter, "Plaintiff's Reply," Docket Item No. 32; Defendant's Response, Docket Item No. 37.)

[2] 29 U.S.C. § 1001, *et seq.*

decision to deny benefits due to a lack of objective medical findings was premised on a clearly erroneous finding of fact, since the Appeal Committee had before it objective and measurable evidence that Plaintiff suffered with chronic recurrent sinusitis, sinus bradycardia, and sleep apnea;[3] and (2) Aetna's written explanation of its decision to deny Plaintiff's claim was merely a conclusory statement that Plaintiff failed to meet a requirement of the Plan, which amounted to no explanation at all.[4] On remand, the Court instructed the Plan Administrator to (1) reevaluate whether Plaintiff's diagnoses of chronic recurrent sinusitis, sinus bradycardia, and sleep apnea are based on objective medical findings, and (2) if they are, evaluate whether Plaintiff's medical conditions make him unable to work during the relevant time period. (Id. at 14.)

On April 19, 2010, the Plan lodged with the Court Aetna's decision after reconsideration to uphold its denial of benefits to Plaintiff.[5]

**B.    Discussion**

Plaintiff challenges the reconsidered Benefits Determination on three grounds: (1) Aetna's interpretation of the Plan was inconsistent with the Plan language, (2) Plaintiff was denied a full and fair review, and (3) even if the Court upholds Aetna's decision to deny benefits, Plaintiff is entitled to benefits from the time of the improper initial denial until Aetna lodged its reconsidered decision with the Court. (Plaintiff's Reply at 4-6.) The Court considers each ground in turn.

**1.    Aetna's Interpretation of Plan Language**

At issue is whether Aetna's decision to find Plaintiff ineligible for benefits conflicted with the plain language of the Plan.

---

[3]  (January 20 Order at 10-12.)

[4]  (Id. at 13-14.) Plaintiff's Motion for Summary Judgment also challenged the benefit denial on the ground that Aetna construed the Plan's provisions in a way that conflicts with the Plan's plain language. The Court did not reach the issue in its January 20 Order because it found that Aetna had abused its discretion on other grounds. (January 20 Order at 14.) However, Plaintiff again raises the issue of Aetna's construction of the Plan language in challenging Aetna's decision to uphold the benefit denial on remand.

[5]

2

"Where the plan vests the administrator with the discretionary authority to determine eligibility for benefits, . . . a district court may review the administrator's determination only for an abuse of discretion." Taft v. Equitable Life Assur. Soc., 9 F.3d 1469, 1471 (9th Cir. 1993) (citing Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 115 (1988); Eley v. Boeing Co., 945 F.2d 276, 278 (9th Cir. 1991)). The court may not disturb the administrator's decision unless the decision rendered (1) is without any explanation,[6] (2) conflicts with the plain language of the plan,[7] or (3) is based on clearly erroneous findings of fact.[8] The administrator's decision is not an abuse of discretion if it is based on a reasonable interpretation of the plan's terms and was made in good faith. Estate of Shockley v. Alyeska Pipeline Service Co., 130 F.3d 403, 405 (9th Cir. 1997).

Here, the Plan defines a "disability," in pertinent part, as "any illness or injury that is substantiated by Objective Medical Findings and which renders a Participant incapable of performing work."[9] The Plan further defines "Objective Medical Findings," in pertinent part, as "a measurable, independently-observable abnormality which is evidenced by one or more standard medical diagnostic procedures . . . that support the presence of a disability or indicate a functional limitation." (Plan Document § 2.13.)

Based on its re-review of the submitted documentation and three additional independent medical reviews, the Appeals Committee "determined that the medical records did not establish [Plaintiff's] ability to perform the work of his regular occupation or any reasonably related occupation as of 03/01/06." (Benefits Determination at 6.) While acknowledging that "certain diagnoses are based on medical findings," the Appeals Committee concluded that "there is a lack of documentation to establish that [Plaintiff's] sinusitis, sinus bradycardia, or sleep apnea prevented

---

[6] Eley, 945 F.2d at 279.

[7] Id.

[8] Taft, 9 F.3d at 1473.

[9] (Declaration of Karen Creech in Support of Plaintiff's Motion for Summary Judgment, hereafter, "Creech Decl.," Ex. P-30 § 2.05, hereafter, "Plan Document," Docket Item No. 23.)

3

him from performing the work of his regular occupation or any reasonably related occupation as of 03/01/06." (Id.)

The Court finds that the Plan's clear language provides a conjunctive test for determining disability: the claimant must prove both that he suffers with an illness or injury and that such illness or injury prevents him from working. Although at first blush, the requirement of showing Objective Medical Findings appears to only apply to the first prong of the test, there is a reasonable implication that whatever medical evidence is used to prove illness or injury in the first instance must also support a finding that the claimaint is no longer capable of performing his job. In the absence of such a requirement, the Plan would be forced to rely on the claimant's subjective complaints to demonstrate functional impairment, an undoubtedly less reliable basis for making a determination of disability. Aetna's construction of the Plan requiring that both the illness or injury and the claimant's inability to perform work be established by Objective Medical Findings is at least reasonable, and there is no indication that Aetna's interpretation of the Plan was not made in good faith. Moreover, all three of the additional independent medical reviewers concluded that Plaintiff's medical records do not support a finding that he is functionally impaired from performing his regular occupation. Thus, the Court finds that Aetna did not abuse its discretion in denying Plaintiff's disability claim.

Accordingly, the Court AFFIRMS Aetna's Benefits Determination finding Plaintiff ineligible for long-term disability benefits.

### 2. Full and Fair Review

Plaintiff contends that he was denied a full and fair review of his claim because he was not given an opportunity to have his treating physicians review the reports of Aetna's three additional medical reviewers. (Plaintiff's Reply at 5-6.)

Pursuant to ERISA regulations,

> [T]he claims procedures of a plan will not be deemed to provide a claimant with a reasonable opportunity for a full and fair review of a claim and adverse benefit determination unless the claims procedures . . . [p]rovide that a claimant shall be provided, upon request and free of charge, reasonable access to, and copies of, all documents, records, and other information relevant to the claimant's claim for benefits.

4

29 C.F.R. § 2560.503-1(h)(2)(iii). "[T]he full and fair review to which a claimant is entitled . . . does not include reviewing and rebutting, prior to a determination on appeal, the opinions of peer reviewers solicited on that same level of appeal." Midgett v. Washington Group Int'l Long Term Disability Plan, 561 F.3d 887, 896 (8th Cir. 2009). "Permitting a claimant to receive and rebut medical opinion reports generated in the course of an administrative appeal . . . would set up an unnecessary cycle of submission, review, re-submission, and re-review," which "would undoubtedly prolong the appeal process." Metzger v. UNUM Life Ins. Co. of America, 476 F.3d 1161, 1166 (10th Cir. 2007); see also Winz-Byone v. Metropolitan Life Ins. Co., 2008 WL 962867, at *8 (C.D. Cal. 2008) (adopting reason of Metzger).

The Court finds that Plaintiff was not entitled to review and rebut the three additional medical review reports before Aetna reached its final eligibility determination, since the three reports were generated in the course of an administrative appeal rather than the initial benefit denial decision. Plaintiff relies on Abram v. Cargill for the proposition that a full and fair review includes the right to review records generated in the course of an appeal. 396 F.3d 882 (8th Cir. 2005). However, the Eighth Circuit has itself recognized that the holding of Abram regarding the scope of a full and fair review is no longer applicable in light of amendments to the Department of Labor regulations that were not yet in effect when the claim in that case was decided. Midgett, 561 F.3d at 894.

Accordingly, the Court finds that Plaintiff received a full and fair review of his claim on appeal.

### 3. Retroactive Reinstatement of Benefits

At issue is whether Plaintiff is entitled to disability benefits from the time of Aetna's improper denial on March 1, 2006 until Aetna's lodging of its decision with this Court on April 16, 2010.

The Ninth Circuit recognizes a distinction in the appropriate remedy for an "ERISA claimant whose initial application for benefits has been wrongfully denied" and a "claimant whose benefits have been terminated." Pannebecker v. Liberty Life Assur. Co. of Boston, 542 F.3d 1213, 1221 (9th

5

Cir. 2008). Where the Plan's initial denial of benefits is premised on a failure to apply plan provisions properly, the appropriate remedy is to remand to the Plan "to apply the terms correctly in the first instance." Id. However, "if an administrator terminates continuing benefits as a result of arbitrary and capricious conduct, the claimant should continue receiving benefits until the administrator properly applies the plan's provisions." Id.

Here, after Plaintiff sought a Quality Assurance Review from the Plan sponsor, Aetna granted Plaintiff benefits through February 28, 2006 and reopened his claim for benefits for the period of March 1, 2006 forward. (See January 20 Order at 3.) Plaintiff received benefits prior to March 1, 2006 only on a temporary basis pending a final decision on the merits. The Court finds that Aetna's eligibility decision was a denial of Plaintiff's initial application for benefits, not a termination of benefits previously granted. See Langston v. North American Asset Development Corp., 2009 WL 941763, at *9 (N.D. Cal. 2009). Thus, under Pannebecker, Plaintiff was not entitled to reinstatement of benefits pending Aetna's decision on remand since benefits had never been awarded on the merits in the first instance.

Accordingly, the Court DENIES Plaintiff's request for retroactive reinstatement of benefits.

**C. Conclusion**

The Court AFFIRMS Aetna's Benefits Determination finding Plaintiff ineligible for long-term disability benefits. The Court DENIES Plaintiff's request for reinstatement of benefits during the pendency of Aetna's decision on remand. Judgment shall issue accordingly.

Dated: August 9, 2010

JAMES WARE
United States District Judge

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

James Gerald Mellen jgmellen@hotmail.com
Joseph E. Lambert josephlambert@cox.net
Michael W. Pott mpott@porterscott.com
Timothy J. Fricker tjfricker@gmail.com

**Dated: August 9, 2010**                           **Richard W. Wieking, Clerk**

                                                  **By:    /s/ JW Chambers**
                                                        **Elizabeth Garcia**
                                                        **Courtroom Deputy**